IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **TERRANCE L. GRAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CBD-10-1304 |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| Commissioner, Social Security ) | |
| Administration ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Terrance Gray, ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"). The Court has reviewed said motions and the applicable law. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion and GRANTS Commissioner's Motion.

### I. Background

Plaintiff filed a Title II application for DIB on February 4, 2008. (R. 32). Plaintiff also filed a Title XVI application for SSI on that same date. Id. These claims were denied initially

1

on June 2, 2008, and upon reconsideration on November 14, 2008. Id. Thereafter, Plaintiff filed a written request for hearing on December 15, 2008 (20 C.F.R. §§ 404.929 *et seq.*, and 416.1429 *et seq.* (2010)). Id. A hearing was held on October 22, 2009.

On November 3, 2009, the Administrative Law Judge ("the ALJ") decided that Plaintiff was not disabled within the meaning of the Act. (R. 39). Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. This request was denied on May 12, 2010, making the ALJ's decision final and appealable. (R. 1-3). Plaintiff's Motion was filed on January 1, 2011. (Pl.'s Mot. 1).

## II. **ALJ's Decision**

The ALJ evaluated Plaintiff's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity ("SGA") since January 1, 2007, which is the alleged onset date. (R. 34). At the second step, the ALJ determined that Plaintiff has severe impairments consisting of degenerative disk disease and lumbar arthritis. Id. At the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Id. After careful consideration of the record as a whole, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Id. However, at step four the ALJ found that Plaintiff is not capable of performing his past relevant work ("PRW") as a trash collector and warehouse laborer. (R. 38). At the final step, after considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff has acquired work skills from PRW that are transferable to other occupations with jobs existing in significant numbers in the national

economy. Id. As a result, the ALJ determined that Plaintiff has not been under a disability, as defined by the Act, from January 1, 2007 through the date of his decision, November 3, 2009. (R. 37). Thus, the ALJ found that granting Plaintiff DIB or SSI would be inappropriate. (R. 39).

### III. Standard of Review

The role of this Court is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §405(g); Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Johnson v. Califano, 434 F. Supp. 302, 307 (D. Md. 1977). The Court's role is a limited one within the Act. Freeman v. Harris, 509 F. Supp. 96, 99 (D.S.C. 1981). Thus, ordinarily if there is substantial evidence to support the decision of the Commissioner, then that decision must be upheld. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). The Court cannot try the case de novo or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. Id.

The Court must also determine whether the Commissioner followed correct procedure. "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. After review, the Court has the power to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the case for rehearing. 42 U.S.C. § 405(g); Virek v. Finch, 438 F.2d 1157, 1158 (4th Cir. 1971).

3

Finally, it must be noted that hearings on application for Social Security disability entitlement are not adversary proceedings. Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970). Moreover, the Social Security Act is a remedial statute and it is to be broadly construed and liberally applied in favor of beneficiaries. Dorsey v. Bowen, 828 F.2d 246 (4th Cir. 1987). A Plaintiff is entitled to a full and fair hearing and failure to have such a hearing may constitute sufficient cause to remand the case. Sims v. Harris, 631 F.2d 26 (4th Cir. 1980).

## IV. Analysis

Plaintiff raises two arguments in his motion. First, Plaintiff claims that the ALJ did not sufficiently discount the medical opinions of non-examining physicians. (Pl.'s Mot. 6). Second, Plaintiff claims that the ALJ utilized Plaintiff's lack of treatment to deny disability benefits. Id. at 7.

A. The ALJ Provided Adequate Explanation for Not Giving the Medical Opinions of Plaintiff's Treating Physicians Greater Weight.

Plaintiff objects to the ALJ's purported failure to give the medical opinions of treating physicians greater weight than those of non-examining physicians. (Pl.'s Mot. 6). The agency regulations prescribe a hierarchy that is generally in favor of the opinions of treating examining physicians over non-treating and non-examining physicians. 20 C.F.R. § 404.1527(d)(1). If supported by substantial objective medical evidence, a treating physician's opinion should be given controlling weight over a non-treating, non-examining physician. Id. According to 20 C.F.R. § 404.1527, there are at least seven factors that should be examined in the determination of evidentiary weight granted to medical opinions from different sources. These factors are: 1) the examining relationship; 2) the treatment relationship; 3) the length of the treatment relationship and the frequency of examination; 4) the nature and extent of the treatment relationship; 5) supportability of the medical opinion; 6) consistency with the record; 7)

4

specialization; and, 8) any other factor that might be pertinent in the decision making process. 20 C.F.R. § 404.1527.

Usually an ALJ should grant more weight to a treating source's medical opinion because a treating source is often uniquely capable of providing a detailed, longitudinal picture of a plaintiff's medical impairments. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2P, 1996 WL 374188 * 2 (July 2, 1996). Therefore, a treating physician's testimony "should be accorded significantly less weight [if that physician's] opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). As was sufficiently explained by the ALJ, this is precisely what occurred in the case at hand.

Plaintiff claims that the ALJ inappropriately discounted the opinions of his treating physicians. The physicians in question are Dr. John Shavers, an internal medicine specialist, Dr. Vitaya L. Vellan[1], a physician at the Anne Arundel Family Health Center, the doctors at the People's Community Health Center, namely treating physician Dr. S. Tummale[2], Dr. Ali Yahya, an internal medicine specialist, and Dr. Susan Rubinstein, who is also an internal medicine specialist. The only objective medical evidence that these doctors reviewed was Plaintiff's initial treatment records after his accident in December of 2006. (R. 37).

Conversely, state agency physicians Drs. J. Biddison and M. Ahn, both internal medicine specialists, reviewed the record in its entirety. Id. The Court finds the ALJ's conclusion

---

[1] From the record, the Court is unable to determine Dr. Vellan's specialty.
[2] From the record, the Court is unable to determine Dr. Tummale's specialty.

5

reasonable. Therefore the Court finds the ALJ's decision to afford greater weight to the opinions of Drs. Biddison and Ahn to be supported by substantial evidence.

    1. <u>The ALJ Properly Discounted the Opinions of Drs. Tummale, Rubinstein, Shavers, Yahya, and Vellan.</u>

During his interview with the state agency in March 2008, Plaintiff stated that his last medical appointment was in December 2006 and that he took no medications. (R. 138). He reported activities such as cooking daily and shopping weekly, but needed help climbing stairs. (R. 162-65). As of the date of the ALJ's decision, Plaintiff was 47 years old. (R. 17). He lived with a roommate who helped with the cooking, and Plaintiff read and attended church daily. (R. 16-17). Ever since the alleged start of Plaintiff's "disability," Plaintiff has not been hospitalized. <u>Id.</u> The ALJ noted that, although Plaintiff stated that he "needed to use a cane," no physician prescribed this aid and the decision to use it was Plaintiff's. There were further contradictions such as, Plaintiff's complaint that he was unable to stand or walk, but he was nonetheless able to take public transportation to get to the hearing. (R. 18, 36). The ALJ also found it significant that Plaintiff had no hospitalizations for his alleged pains. (R. 36).

The ALJ thoroughly reviewed Plaintiff's record dating back to his alleged work injury. (R. 36-37). The ALJ found "[the] record [to be] insufficient with regards to objective medical evidence . . .". (R. 37). After the injury, in February 2006, Plaintiff complained of neck pain. Cervical x-rays showed possible encroachment on the right at C5-C6 neural foramen, but the radiologist reported that this finding might represent only a positioning artifact. (R. 36, 232). A thoracic x-ray was normal and lumbar x-rays showed mild L5-S1 arthropathy[3]. <u>Id.</u> Otherwise the x-rays were normal. <u>Id.</u> Plaintiff had a normal x-ray of his thoracic spine in December 2006. (R. 36, 214). He was taking only Tylenol and Naprosyn for back pain, both of which are

---

[3] A disease or medically noteworthy condition of a joint.

available over the counter. (R. 220). These 2006 records comprise the entirety of the objective medical evidence.

In February 2007, Plaintiff saw Dr. Tummale for a medical exam regarding his inability to work. Dr. Tummale explained to Plaintiff that the exam results were "reasonably WNL [within normal limits]." (R. 246-47). Dr. Tummale completed a Department of Developmental Services ("DDS") form estimating that Plaintiff may be unable to work for six months. (R. 227, 247). This is six months less than the requirement under the Act. 42 U.S.C. § 416(i). ("[T]he term disability means [an] inability to engage in any SGA by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months . . .".) Thus, according to Dr. Tummale's opinion, Plaintiff did not qualify for DIB.

In February 2008, Plaintiff saw Dr. Rubinstein, whose note indicates she saw Plaintiff for one year. (R. 35). However, a review of the record does not support this assertion as the record provides no corresponding treatment notes. Dr. Rubinstein completed a Social Services Medical Report on February 13, 2008 indicating that Plaintiff was "moderately" limited in activities of daily living and social functioning with "seldom" limitations in concentration, persistence, or pace. (R. 36, 238). Dr. Rubinstein opined that Plaintiff was limited to less than two hours sitting and was completely unable to stand, walk, push or perform fine manipulations. Id. She estimated his duration of disability as February 8, 2008 through February 8, 2010. (R. 36, 242-45). The ALJ found that no corroborating objective medical evidence supported these dire restrictions. (R. 36). The ALJ also found that Plaintiff's own testimony did not support Dr. Rubinstein's limitations. Id. The Court finds that the ALJ's conclusion here was reasonable.

Plaintiff further argues that the ALJ erroneously discounted the medical opinion of Dr. John Shavers. (Pl.'s Mot. 7). Plaintiff's allegation is without merit. Plaintiff underwent a consultative internal medicine evaluation by Dr. Shavers in May 2008. (R. 266). Dr. Shavers' opined that Plaintiff had abnormalities in all joints, arms, spine, and legs, tenderness in the upper and lower back, and limited grip strength bilaterally. He was unable to bend or squat; and straight leg raising was severely limited. Dr. Shavers went on to opine that Plaintiff was unable to flex or abduct either arm. (R. 266-67). Dr. Shavers' diagnosis was chronic musculoskeletal pain of unknown etiology and a history of a herniated disk. Id. He opined that, for twelve months, Plaintiff would be able to work at less than sedentary jobs requiring hearing, speaking or sitting. Id. The ALJ, however, found the available objective medical evidence to be too scant and remote to support such a finding. He further found no current objective evidence to support Plaintiff's perceived limitations. (R. 36).

In September 2008, Plaintiff had one examination by Dr. Ali Yahya, who completed a Dept. of Social Security Medical Report Form 402B. (R. 281-84). Dr. Yahya opined that Plaintiff could sit for two hours but could "never" stand, walk, climb, bend, squat, or crawl. Dr. Yahya estimated that Plaintiff would be unable to work for twelve months. (R. 284). However, when given the opportunity to explain her findings, Dr. Yahya declined to do so and left such sections in her report blank. (R. 284, 313). Therefore, the ALJ reasonably rejected these extreme limitations based on the lack of any supporting objective medical evidence. (R. 36).

In October 2009, Plaintiff had one exam by Dr. Vellan. (R. 37, 314-16). Dr. Vellan opined that, during an eight-hour workday, Plaintiff could lift five pounds frequently and ten pounds occasionally, stand or walk thirty minutes to one hour for a total of two to three hours, but had no sitting limitations. (R. 316). However, Dr. Vellan admitted that he was examining

8

Plaintiff for the first time and could not provide additional information. (R. 316). As a result, the ALJ properly discounted Dr. Vellan's opinion, as it was incomplete and was based on limited objective medical evidence.

Considering the lack of objective medical evidence supporting the opinions of Drs. Tummale, Rubinstein, Shavers, Yahya, and Vellan, the ALJ properly discounted their opinions. It is further noted that none of these physicians reviewed the record in its entirety. (R. 36). As a result, the opinions of Tummale, Rubinstein, Shavers, Yahya, and Vellan were granted lesser weight than the opinions of Drs. Biddison and Ahn.

2. The ALJ Properly Gave Great Weight to the Opinions of Drs. Biddison and Ahn.

According to the ALJ, the opinions of Drs. Biddison and Ahn were given great weight "because their opinions are based upon a review of the entire record." (R. 37). Medical opinions that are not supported by sufficient objective medical evidence are given significantly less weight than those that are. 20 C.F.R. § 404.1527. In sum, the ALJ found the record to be "insufficient with regards to objective medical evidence, including but not limited to imagery, medication and other treatment to support the Plaintiff's allegation of disability." Id. Therefore, the ALJ's conclusion was reasonable according to the Act.

In June 2008, Dr. Biddison opined that Plaintiff's allegations were only partially credible according to the record and Plaintiff's own testimony. (R. 269-76). He went on to opine that Dr. Shavers' opinion regarding Plaintiff's "motor strength [was] inconsistent with [medical] history and prior exams." (R. 37, 275). Dr. Biddison found that Plaintiff had an RFC for light work with occasional climbing and standing. He also noted that Plaintiff could perform activities such as preparing meals, caring for himself, walking, and using public transportation. (R. 169-76).

In November 2008, Dr. Ahn reviewed Plaintiff's record and found that Plaintiff had a normal motor exam in September 2008 which was performed by Dr. Rubinstein. (R. 294-300). At that time, Plaintiff reported he was able to cook, walk, use public transportation, and go shopping. Id. Based on this, Dr. Ahn found that Plaintiff had the RFC for light work with occasional postural activities[4]. (R. 299).

The Fourth Circuit has recognized that a consultative evaluator's opinion can outweigh that of a treating source and comprise substantial evidence to support the ALJ's decision that a plaintiff is not disabled under the Act. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992), *superseded in part by* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Accordingly, after thoroughly reviewing the entire record, the ALJ acted within his discretion in assigning greater weight to the opinions of Drs. Biddison and Ahn because those opinions were consistent with the ALJ's review of the entire record. (R. 37).

B. The ALJ Did Not Use Plaintiff's Lack of Treatment to Deny Benefits.

Plaintiff claims that the ALJ used Plaintiff's lack of hospitalization and physical therapy to deny benefits. (Pl.'s Mot. 7-8). Lack of treatment cannot serve as the basis for the denial of benefits. Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). However, the ALJ considered the entire record when he made his decision and explained that the record was "filled with opinion evidence [granting a disabling RFC] but very little objective medical evidence supporting said opinions." (R. 37). The only objective medical evidence was obtained in 2006 right after the onset date of Plaintiff's alleged disability. Id. After reviewing the record and statements made by Plaintiff concerning his alleged pain, inability to work, and daily activities, the ALJ found Plaintiff's statements not credible. Id. The ALJ noted the he found it odd that a

---

[4] Postural activities are activities that relate to posture. These include any activities that require one to use their back muscles for stability.

plaintiff alleging pain of nine on a scale of ten, and an inability to move most of his body parts, would not seek hospitalization, emergency room care, or physical therapy. Id. Not only does the record reflect no such visits, Plaintiff's explanation for avoiding such care is lacking.

Plaintiff explains this lack of treatment as being the result of his inability to pay for medical services. However, while a lack of funds might affect access to inpatient care or therapy, emergency rooms are prohibited from turning away patients unable to pay for service. 42 U.S.C. § 1395dd(a).

The ALJ also found "[Plaintiff's] allegations regarding his impairments to be inconsistent with statements he made at the hearing, his actual physical abilities and the medical evidence." (R. 36). For example, Plaintiff first explained that his lack of corrective surgery was due to his fear of the risks that surgery might present. (R. 14). Later, Plaintiff blamed his lack of income for his inability to get surgery. (R. 19). Plaintiff goes on to argue that the ALJ failed to carefully consider all of the available evidence since a cane is "a very inexpensive form of medical prescription" and the RFC Plaintiff's counsel offered said that Plaintiff needs one. (R. 15). Plaintiff's claim in this instance is without merit, due to the fact that no doctor actually prescribed the walking aid. Id. The choice to use the cane was Plaintiff's, and thus, would not be considered a medical prescription.

Plaintiff further argues that "it is not entirely clear that [he] has not [received care from emergency rooms, hospitals, or physical therapists] because the state agency has an earlier file on [him] which they were not willing to share." (Pl.'s Mot. 7-8). Plaintiff asserts that this earlier file may show that he received such treatment. Id. Although this assertion may be true, Plaintiff failed to request discovery of these documents so they could be reviewed and taken into account by the ALJ. Plaintiff's first mention of this "earlier file" was contained in Plaintiff's Motion for

Summary Judgment. Id. at 4. Thus, it is possible that the ALJ had no knowledge of this earlier file. Nevertheless, "[m]ere conjecture or speculation that additional evidence might have been obtained in [a] case is insufficient to warrant a remand." See Schoenfeld v. Apfel, 237 F.3d 788, 798 (7th Cir. 2001) (quoting Binion v. Shalala, 13 F.3d 243, 246 (7th Cir. 1994)).

The record in its entirety supports the ALJ's conclusion that the lack of objective medical evidence, medication, or treatment would make a finding of disability inappropriate.

## V. Conclusion

The Court finds that the ALJ's decision is supported by substantial evidence. Further, Plaintiff has not satisfied his burden of proof. Based on the foregoing, the Court DENIES Plaintiff's Motion and GRANTS Commissioner's Motion.

July 14, 2011  /s/
Charles B. Day
United States Magistrate Judge

CBD/sm/del